PEDER SKRIVER, APPELLEE, v. WILLIAM A. HABERSTROH, APPELLANT.

FILED APRIL 20, 1921. No. 21289.

Vendor and Purchaser: BREACH OF CONTRACT: RIGHT TO RECOVER DAMAGES. When A., who is a party to a contract, fails to perform his part and thereby places it beyond the power of B., the other party to the contract, to perform his part, B. is entitled to recover in an action for damages.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Affirmed.

John P. Breen, for appellant.

Clark O'Hanlon and E. C. Page, contra.

DEAN, J.

This is an action on a contract for an exchange of farm land for an interest in city property. Plaintiff, who owned an option for the purchase of the farm land, alleged nonperformance by defendant and obtained a judgment for $1,050. Defendant appealed.

The contract is dated August 22, 1917, and provides that the transaction should be closed on or before September 1, 1917. By its terms defendant agreed to buy from plaintiff an 80-acre tract of farm land in Washington county, including the crops for that year, for $9,850. As part of the purchase price defendant agreed to assume the payment of a $2,600 mortgage on the land, and for the remaining payments he agreed to assign four real estate contracts, owned by him, on four separate properties in Omaha on which there remained unpaid a sum aggregating $8,076.40. Of this sum any surplus remaining, after the payment of the purchase price of the farm land, was, under the contract, to be repaid to defendant. The farm land was not owned by plaintiff, but was the property of D. J. Coulter and wife, from whom plaintiff had obtained an option of purchase. This was well known to defendant. Plaintiff subsequently obtained a deed of conveyance from the Coulters, wherein defendant was named as grantee. Plaintiff testified that he delivered this deed to defendant and caused it to be recorded in the proper office in Washington county, pursuant to defendant's request, and that defendant made no demand for immediate possession of the land.

It is contended by defendant that plaintiff practiced fraud on him and on the Coulters, in that he gave false deeds purporting to convey to Coulter certain land in Sioux county, Nebraska, to the end that defendant might be induced to believe that plaintiff was paying the Coulters more than the amount that was expressed in the option contract that he entered into with them. It does not clearly appear that such representations were made to defendant, nor does the contract sued on name the amount that plaintiff was obligated to pay to the Coulters.

The record, fairly construed, shows that plaintiff performed his part of the contract, but that defendant refused to assign his interest in the real estate contracts to plaintiff as he agreed to do. He entered into the contract voluntarily with the expectation, it may be assumed, of

profiting thereby. It does not appear that he was misled
by plaintiff nor deceived by him. If defendant had de-
manded possession and it had been refused, a different
case would have been presented. But he did not do so.

Defendant argues that plaintiff was unable to pay the
Coulters, on September 1, 1917, the purchase price agreed
on between them, and was thus unable to fulfil his part of
the Coulter contract. But plaintiff gave the Coulters his
personal obligation for all of the purchase price, in ex-
cess of the incumbrance, and this suit does not concern
them. The record is solely concerned with the transac-
tion between plaintiff and defendant. It is clear that de-
fendant cannot be heard to complain if, by his refusal to
assign the contracts on the city lots, plaintiff was thereby
unable to make payment to the owners. And the record
shows that plaintiff relied on such assignment to the end
that he might meet his obligation to the Coulters. The
record throughout is inconsistent with defendant's con-
tention that plaintiff agreed to get a deed from the
Coulters for a commission of $250. It is unreasonable to
believe that plaintiff would have given his personal obli-
gation to the Coulters, to secure the land, in a sum in
excess of $6,000 if his remuneration had been restricted
to a commission.

There is a conflict in the testimony as to whether de-
fendant accepted the Coulter deed from plaintiff and
directed plaintiff to have it recorded, and also with re-
spect to possession by defendant. On this point it may
be observed that the record contains a warranty deed of
the land in controversy from defendant Haberstroh and
his wife to D. J. Coulter, dated September 4, 1917. The
recitals therein disclose possession, lawful seisin, and
lawful right to convey as owners. Within a day or two
thereafter the same land was conveyed by the Coulters
to defendant's wife. This circumstance does not indicate
good faith on defendant's part.

The evidence on the material questions in the case con-
flicts. Nevertheless we have tried the case *de novo* and

conclude that the record, when considered in its entirety, discloses a violation by defendant of his contract with plaintiff, to the end, apparently, that he might profit in an amount somewhat in excess of $1,000. The judgment of the district court merely placed the parties where they would have been if defendant had performed his part of the contract.

We do not find reversible error. The judgment is therefore

AFFIRMED.

DAY, J., not sitting.